## MILDRED SIEGER
### vs.
## VICTOR RIU, ET AL.

Superior Court     New London County     File #11361

    Present:  Hon. EDWIN C. DICKENSON, Judge.

Richard L. Norman,        Attorney for the Plaintiff.

Brown & James,          Attorneys for the Defendants.

123 Conn. 343    MEMORANDUM FILED DECEMBER 24, 1936.

DICKENSON, J.   The parties are in dispute as to a common boundary line.   Both are grantees of the same grantor. The plaintiff's deed is of a later date than the defendants and his property is bounded partly upon the defendants' property in the description and partly on "the highway".   It is necessary then to first fix the defendants' bounds and the highway mentioned.

When the defendants took title two maps were prepared by the grantor, picturing the property.   One was affixed to the defendants' deed, the other filed with the town clerk. The probabilities are that they were identical and this is further borne out by other evidence in the case.   The maps met a fate that seems more than coincidental.   The one on file with the town clerk disappeared from the record book in which it was pasted.   The one attached to the defendants' deed was, it is claimed partly burned while in transit of the mails.   Peculiarly enough the part of it which should show the highway as claimed by the defendants has been destroyed. (See Def. Ex. 7).

As interesting as fiction it further appears that while the town clerk's copy was still in his files a lawyer searching the title, made a copy of the map which is in evidence as Plaintiff's Ex. G.   Its similarity with what remains of the burned map, the absence of interest and the integrity of the lawyer making the copy, combined with other evidence in the case satisfy me that it is substantially a true copy of the two original maps.

Taken with the other evidence in the case it shows that the "highway" claimed by the defendants as that mentioned in their deed was no more than a foot-path occasionally used as a cart path and that the real "highway" is that designated "Public Highway" in the lawyer's copy, (Plaintiff's Ex. G) and in the defendants' map (Def. Ex. 7) but only shown in

part in the latter exhibit. It further appears that the mutual boundary of the party leaves this highway at its junction with the road marked "Private Road" on Plaintiff's Ex. G, and follows this road as indicated on said exhibit. Based upon this exhibit the plaintiff's lawyer has prepared a map, Plaintiff's Exhibit A, which it is found, so far as the issues and the relief sought in this case are concerned, to be sufficiently accurate.

The action is for damages for trespass and the plaintiff asks equitable relief by way of injunction. It is found the trespass was committed and that the plaintiff is entitled to injunctive relief. The evidence of damage is slight and the trespass was committed under a claim of right.

Judgment for the plaintiff is directed for $250.00 damages. As to equitable relief the trespass set up in the complaint is that the defendants and their agents blocked a common right of way to the plaintiff's property which way has been identified as the way marked "Private Road" on Plaintiff's Ex. G; and committed various acts of trespass on the plaintiff's land.

The defendants are enjoined against entering and trespassing upon the plaintiff's land as depicted in Plaintiff's Exhibit A, and against obstructing said Private Road along the plaintiff's property as shown in said map under a penalty of $500.